1

2

3

4

5

6                               **UNITED STATES DISTRICT COURT**

7                                      **DISTRICT OF NEVADA**

8

9  JAMEE DEIRDRE HUNDLEY,
   a.k.a. JAMES DERRICK HUNDLEY,
10
              Petitioner,                                  3:16-cv-00646-HDM-WGC
11
   vs.
12                                                          **ORDER**
   RENEE BAKER, *et al.*,
13
              Respondents.
14
   _____/
15

16         This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by

17  Jamee Dierdre Hundley, also knows as Jamee Deirdre Hundley, a Nevada prisoner.  Hundley

18  filed a petition for writ of habeas corpus (ECF No. 2), and paid the necessary filing fee, on

19  November 8, 2016.  Along with the habeas petition, Hundley filed an application to proceed *in forma*

20  *pauperis* (ECF No. 6), a "Motion to File Larger Than Normal Habeas Petition" (ECF No. 3), a

21  "Motion to Request to Proceed Under Petitioner's Legal Name and Recognition of Petitioner in the

22  Feminine" (ECF No. 5), and a motion for appointment of counsel (ECF No. 4).

23         The application to proceed *in forma pauperis* (ECF No. 6) is unnecessary, and moot, as

24  Hundley has paid the filing fee (ECF No. 1); the application will be denied on that ground.

25         Hundley's Motion to File Larger Than Normal Habeas Petition (ECF No. 3) is also

26  unnecessary, and moot.  There is no local rule imposing a page limit on habeas corpus petitions.  *See*

LR 7-3 (page limits for motions, responses to motions, and pretrial and post-trial briefs).  Hundley's petition has been filed.  Therefore, this motion, too, will be denied as moot.

In the Motion to Request to Proceed Under Petitioner's Legal Name and Recognition of Petitioner in the Feminine (ECF No. 5), Hundley states that she has been diagnosed as having "severe and persistent gender dysphoria/transsexualism," and has been living as much as possible as a female.  Motion (ECF No. 5), p. 1.  According to Hundley's motion, and an exhibit filed with the motion, Hundley has obtained a legal name change, from James Derrick Hundley to Jamee Deirdre Hundley.  *See* Exhibit to Motion (ECF No. 5).  In light of the showing made by Hundley in this motion, the court will grant the motion.  The court will direct the clerk of the court to update the docket to show petitioner's name as "Jamee Deirdre Hundley, a.k.a. James Derrick Hundley."

The court will deny Hundley's request for appointment of counsel.  "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam).  The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require."  *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.  The court has reviewed Hundley's habeas petition, and the other documents filed in this case, and determines that appointment of counsel is not warranted.

The court has examined Hundley's petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Hundley's habeas petition appears defective, in that it appears to have been filed long after the expiration of the applicable one-year statute of limitations.  The court will, therefore, order Hundley to show cause why the court should not dismiss this action.

Hundley's habeas petition challenges convictions and sentences for three counts of sexual assault and one count of child abuse with substantial bodily harm.  *See* Petition (ECF No. 2), p. 2.

1   According to the petition, the judgment of conviction was entered on August 30, 1996, in Nevada's

2   Second Judicial District Court.  *See id*. at 1-2.

3   According to Hundley's petition, Hundley appealed from the conviction, and the Nevada

4   Supreme Court affirmed on April 21, 1997.  *See id*. at 1.

5   According to the petition, Hundley filed a petition for writ of habeas corpus in state court on

6   November 20, 2012, and appealed from the denial of that petition, and the Nevada Supreme Court

7   ruled on the appeal on March 19, 2013.  *See id*.

8   The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a

9   one-year statute of limitations for federal habeas petitions filed by prisoners challenging state

10  convictions or sentences:

11  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court.  The
12  limitation period shall run from the latest of --

13       (A)  the date on which the judgment became final by the conclusion of
         direct review or the expiration of the time for seeking such review;

14
         (B)  the date on which the impediment to filing an application created
15       by State action in violation of the Constitution or laws of the United
         States is removed, if the applicant was prevented from filing by such
16       State action;

17       (C)  the date on which the constitutional right asserted was initially
         recognized by the Supreme Court, if the right has been newly
18       recognized by the Supreme Court and made retroactively applicable to
         cases on collateral review; or

19
         (D)  the date on which the factual predicate of the claim or claims
20       presented could have been discovered through the exercise of due
         diligence.

21

22  28 U.S.C. § 2244(d)(1).

23  Hundley's direct appeal concluded in April 1997, when the Nevada Supreme Court affirmed

24  the judgment of conviction.  *See* Petition for Writ of Habeas Corpus, p. 1.  The one-year AEDPA

25  limitations period began to run ninety days later, in July 1997, when the period to file a petition for a

26

3

writ of certiorari expired (*see* Supreme Court Rule 13).  Absent any tolling, the one-year limitations period expired a year later, in July 1998.

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2). However, there is no indication in Hundley's habeas petition that Hundley initiated any state court litigation during the more than 14 years between July, 1998, and November, 2012, when the state habeas action was filed.

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.), *cert. denied*, 558 U.S. 897 (2009) (citations and internal quotations omitted).  The petitioner bears the burden to show equitable tolling is warranted. *See Zepeda v. Walker*, 581 F.3d 1013, 1019 (9th Cir. 2009).  The petitioner must show that the alleged "extraordinary circumstances" were the "cause of his untimeliness." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *cert. denied*, 549 U.S. 1317 (2007).  Hundley's habeas petition does not indicate any ground for equitable tolling.

A federal habeas petitioner may overcome the expiration of the AEDPA statute of limitations by making a showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013); *see also Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011).  When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the court may consider the petition on the merits. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Under *Schlup*, a petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence [of innocence] -- whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.  The *Schlup* standard permits review only in the "extraordinary" case. *Id*. at 324.  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citing *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and seldom met).  Hundley asserts a claim of actual innocence in her habeas petition in this case, but does not appear to base that claim on new evidence.  Hundley's claim of actual innocence does not appear to approach the standard necessary to overcome the statute of limitations bar, as described in *McQuiggin* and *Schlup*.

The court will, however, grant Hundley an opportunity to show cause why this action should not be dismissed as barred by the statute of limitations.  If Hundley fails, within the time allowed, to make a prima facia showing that this action was not untimely filed, or that he can overcome the statute of limitations bar, this case will be dismissed.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 6) is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that petitioner's Motion to File Larger Than Normal Habeas Petition (ECF No. 3) is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that petitioner's Motion to Request to Proceed Under Petitioner's Legal Name and Recognition of Petitioner in the Feminine (ECF No. 5) is **GRANTED**. The clerk of the court shall update the docket of this case to refer to the petitioner as: "Jamee Deirdre Hundley, a.k.a. James Derrick Hundley."

**IT IS FURTHER ORDERED** that petitioner's  motion for appointment of counsel (ECF No. 4) is **DENIED**.

1    **IT IS FURTHER ORDERED** that petitioner shall have **60 days** from the date of entry of

2  this order to show cause why the court should not dismiss this action as barred by the statute of

3  limitations, as explained above.  Failure to respond to this order within the time allowed, or failure to

4  make the required showing, will result in the dismissal of this action.

5    **IT IS FURTHER ORDERED** that the clerk of the court shall add Adam Paul Laxalt,

6  Attorney General of the State of Nevada, as counsel for respondents, and shall electronically serve

7  upon respondents a copy of the habeas corpus petition in this case (ECF No. 2) and a copy of this

8  order.  Respondents' counsel shall enter a notice of appearance within **30 days** of the entry of this

9  order, but need take no further action in the case unless and until the court so orders.

10   **IT IS FURTHER ORDERED** that the clerk of the court shall send the petitioner a copy of

11  the habeas corpus petition (ECF No. 2), with service of this order.

12   Dated this 16th day of November, 2016.

13

14                                             _____

15                                             UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

6