1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                           **DISTRICT OF NEVADA**
8
9   JAMEE DEIRDRE HUNDLEY,
    a.k.a. JAMES DERRICK HUNDLEY,
10
         Petitioner,                              3:16-cv-00646-HDM-WGC
11
    vs.
12                                                **ORDER**
    RENEE BAKER, *et al.*,
13
         Respondents.
14
    _____/
15

16    This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Nevada
17 prisoner Jamee Dierdre Hundley, also known as James Derrick Hundley.  Hundley filed her petition
18 for writ of habeas corpus (ECF No. 2) on November 8, 2016.
19    In an order entered on November 16, 2017 (ECF No. 8), the court screened Hundley's
20 petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District
21 Courts.  The court found that Hundley's habeas petition may be defective, in that it was apparently
22 filed long after the expiration of the applicable statute of limitations.  The court, therefore, ordered
23 Hundley to show cause why the court should not dismiss this action.  *See* Order entered November
24 16, 2017 (ECF No. 8).
25    Hundley's habeas petition challenges convictions and sentences for three counts of sexual
26 assault and one count of child abuse with substantial bodily harm.  *See* Petition for Writ of Habeas

Corpus (ECF No. 2), p. 2.  According to the petition, the judgment of conviction was entered on August 30, 1996, in Nevada's Second Judicial District Court.  *See id*. at 1-2.  According to Hundley's petition, Hundley appealed from the conviction, and the Nevada Supreme Court affirmed on April 21, 1997.  *See id*. at 1.  Hundley then filed a petition for writ of habeas corpus in state court on November 20, 2012, and appealed from the denial of that petition, and the Nevada Supreme Court ruled on the appeal on March 19, 2013.  *See id*.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Hundley's direct appeal concluded in April 1997, when the Nevada Supreme Court affirmed the judgment of conviction.  *See* Petition for Writ of Habeas Corpus, p. 1.  The one-year AEDPA limitations period began to run ninety days later, in July 1997, when the period to file a petition for a writ of certiorari expired (*see* Supreme Court Rule 13).  Absent any tolling, the one-year limitations period expired a year later, in July 1998.

1    The AEDPA statute of limitations is tolled during the time that a properly filed application
2 for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).
3 However, there is no indication in Hundley's habeas petition that Hundley initiated any state court
4 litigation during the more than 15 years between July, 1997, and November, 2012, when the state
5 habeas action was filed.

6    On December 30, 2017, Hundley filed a document in which she attempts to show cause
7 regarding the apparent statute of limitations bar (ECF No. 11).  In that filing, Hundley recognizes
8 that her petition in this case was filed long after the expiration of the applicable limitations period.
9 but she argues that she can overcome the statute of limitations bar by showing that she is actually
10 innocent.

11    A federal habeas petitioner may overcome the expiration of the AEDPA statute of limitations
12 by making a showing of actual innocence.  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013);
13 *see also Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011).  When an otherwise time-barred habeas
14 petitioner "presents evidence of innocence so strong that a court cannot have confidence in the
15 outcome of the trial unless the court is also satisfied that the trial was free of non-harmless
16 constitutional error," the court may consider the petition on the merits.  *See Schlup v. Delo*, 513 U.S.
17 298, 316 (1995).  Under *Schlup*, a petitioner may overcome a procedural default or expiration of the
18 statute of limitations by (1) producing "new reliable evidence [of innocence] -- whether it be
19 exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that
20 was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not
21 that no reasonable juror would have convicted him in light of the new evidence."  *Id*. at 327.  The
22 *Schlup* standard permits review only in the "extraordinary" case.  *Id*. at 324.  The Supreme Court has
23 cautioned that "tenable actual-innocence gateway pleas are rare."  *McQuiggin*, 133 S.Ct. at 1928.
24 "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in
25 light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a
26

1  reasonable doubt." *Id*. (citing *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538
2  (2006) (emphasizing that the *Schlup* standard is demanding and seldom met).

3        As the court understands it, Hundley argues that she can show actual innocence because a
4  witness recanted her testimony after trial.  *See* Motion to Show Cause (ECF No. 11), pp. 2-5.  She
5  states that "[t]he recantation was presented at sentencing, testified under oath by the victim's mother,
6  and was said in front of defense counsel and the defense investigator."  *Id*. at 2-3; *see also id*. at 3-4
7  ("Petition alleged an actual innocence claim based off of testimony, by the victim's mother, of a
8  recantation that was presented at sentencing.").

9        The court notes that the evidence of actual innocence that Hundley would proffer does not
10 appear to be "new" -- her sentencing was over twenty years ago, long before the limitations period
11 applicable to this case began to run.  Under *McQuiggin*, while Hundley's delay may not bar her from
12 claiming actual innocence to overcome the limitations bar, the timing of her petition is a factor
13 bearing on the reliability of the evidence purporting to show actual innocence.  *See McQuiggin*, 133
14 S.Ct. at 1928; *see also McQuiggin*, 133 S.Ct. at 1935 ("Unexplained delay in presenting new
15 evidence bears on the determination whether the petitioner has made the requisite showing.").

16       Under the circumstances in this case, the court will be better able to consider Hundley's
17 claim of actual innocence with more complete information -- the state court record -- and with the
18 respondents' argument.  The court determines that Hundley has made enough of a showing, with
19 respect to her actual innocence claim, to warrant a response to her petition by the respondents.  The
20 court will set a schedule for the response and for further proceedings beyond that.

21       Hundley has also filed a second motion for appointment of counsel (ECF No. 10).
22 Respondents filed an opposition to that motion (ECF No. 12).  "Indigent state prisoners applying for
23 habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular
24 case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v.*
25 *Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir.
26 1970) (per curiam).  The court may, however, appoint counsel at any stage of the proceedings "if the

interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.  The court remains of the view that appointment of counsel is not warranted at this time in this case.

**IT IS THEREFORE ORDERED** that respondents shall have **90 days** from the date of entry of this order to respond to the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that if respondents file an answer, petitioner shall have 60 days from the date on which the answer is served on him to file and serve a reply.  If respondents file a motion to dismiss, petitioner shall have 60 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply in support of the motion.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 10) is **DENIED**.

Dated this 24th  day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE